**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4611**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JAY JAMES FIELDS,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:18-cr-00215-1)

Submitted:  November 25, 2020              Decided:  December 17, 2020

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Christopher R. Arthur, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jay James Fields entered a conditional guilty plea to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). On appeal, Fields challenges the district court's denial of his motion to suppress a firearm discovered by police. We affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted). "[W]e must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* at 114-15 (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (brackets and internal quotation marks omitted).

Fields argues that the district court erred in ruling that the interaction between the officer and him began as a brief, casual encounter rather than a *Terry*[1] stop. "Although brief encounters between police and citizens require no objective justification, a brief investigatory stop is impermissible unless the officer's action is supported by a reasonable and articulable suspicion that criminal activity may be afoot." *United States v. Foster*, 824 F.3d 84, 88 (4th Cir. 2016) (alterations, citation, and internal quotation marks omitted).

---

[1] *Terry v. Ohio*, 392 U.S. 1(1968).

2

An individual is seized when an officer by means of physical force or show of authority, has in some way restrained [the individual's] liberty. To determine whether a seizure has occurred, [we] ask whether, under the totality of the circumstances surrounding the encounter, a reasonable person in the suspect's position would have felt free to decline the officer['s] requests or otherwise terminate the encounter.

*United States v. Bowman*, 884 F.3d 200, 211 (4th Cir. 2018) (citation and internal quotation marks omitted); *see United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980); *Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 461 (4th Cir. 2013) (discussing factors relevant to whether seizure occurred). "A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned." *Brendlin v. California*, 551 U.S. 249, 254 (2007). Our review of the record leads us to conclude that the district court properly found the interaction between Fields and the officer amounted to nothing more than a brief encounter and was not a seizure for Fourth Amendment purposes.[2]

Accordingly, we conclude that the district court properly denied Fields' motion to suppress, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Because we conclude that no seizure occurred, we need not address Fields' remaining arguments.